IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRI L. BLATZ, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CV-1105-MHT |
| | ) | |
| CHRISTOPHER FRANCEN BLATZ, *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a Complaint (Doc. 1), Amended Complaint (Doc. 3), and Second Amended Complaint (Doc. 13). On February 22, 2012, the court granted Plaintiff's Motion for Leave to proceed *in forma pauperis* (Doc. 11).

On January 5, 2012, the District Judge entered an Order (Doc. 4) referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate."

Because Plaintiff has requested leave to proceed *in forma pauperis*, the court is obligated to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

Upon review of the pleadings and the record in this case, and for the reasons that

follow, the undersigned RECOMMENDS that this case be DISMISSED for lack of subject matter jurisdiction.

## I.   BACKGROUND

Plaintiff, proceeding *pro se*, brings this action against her former husband, and several individuals, including judges, attorneys, and persons who at one time or another provided services as victim advocates. Plaintiff's case stems from prior state court litigation involving her divorce and the resulting custody dispute.

Plaintiff initially filed her case in the Autauga County Circuit Court, Terri L. Blatz v. Christopher F. Blatz, Case No. DR-08-240. A judgment was entered in Plaintiff's case by the Autauga County Circuit Court on June 9, 2010. *See* Alabama Court of Civil Appeals Docket Sheet, Doc. 13 at 20.

Plaintiff filed an appeal with the Court of Civil Appeals, Case No. 2091127. The lower court's decision was affirmed (per curiam) on April 15, 2011. *See* Certificate of Judgment from the State of Alabama Court of Civil Appeals, Doc. 13 at 25.

On June 3, 2011, Plaintiff filed a Petition for Writ of Certiorari with the Supreme Court of Alabama, Case No. 1101004. On June 30, 2011, the Supreme Court of Alabama denied Plaintiff's Petition. *See* Certificate of Judgment from the Supreme Court of Alabama, Doc. 13 at 24.

On July 26, 2011, the Autauga County Circuit Court entered an order directing the Circuit Clerk of Autauga County Alabama to execute a Clerk's Deed on behalf of the parties

for any and all property outlined in the June 9, 2010 Order. *See* Doc. 13 at 27. On September 12, 2011, a Clerk's Deed was issued directing the Circuit Clerk to deliver a deed conveying all the right, title, claim, and interest of Plaintiff to her ex-husband. *See* Clerk's Deed, Doc. 13 at 28.

On or around September 29, 2011, Plaintiff filed a motion for extension of time in which to file a petition for writ of certiorari in the Supreme Court of the United States. On October 6, 2011, the extension of time was denied. *See* Letter to Plaintiff from the Supreme Court of the United States Office of the Clerk, Doc. 13 at 31.

## II. DISCUSSION

### Lack of Subject Matter Jurisdiction

"[It] is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking". . . and, "[i]f the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006). *See also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.") (citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985).

To the extent Plaintiff seeks review of the final judgments issued by the Circuit Court

of Autauga County (or any other state court) through which Plaintiff lost custody of her children when her parental rights were terminated, this court lacks jurisdiction to do so. It is well established "[a]ccording to the *Rooker–Feldman* doctrine, [that] 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) (quoting *District of Columbia Court of Appeals v. Feldman*, 460, U.S. 462, 482 (1983)).

Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction of final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine applies to "'cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The Court of Appeals for the Eleventh Circuit has held that "[t]he doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment." *Powell*, 80 F.3d at 466. A claim is inextricably intertwined if it would "effectively nullify" the state court judgment, or it "succeeds only to the extent that the state court wrongly decided the issues." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332-33 (11th Cir. 2001). The *Rooker-Feldman* doctrine does not apply, however, where a party did not have a "reasonable opportunity to raise his federal claim in state proceedings." *Powell*, 80 F.3d at 467 (internal

quotation marks omitted).

The criteria for the *Rooker-Feldman* jurisdictional bar are satisfied in this case. First, Plaintiff was a state-court loser in the underlying divorce and child custody state court proceedings. Second, there was a final or conclusive judgment on the merits concerning child custody, *see* Doc. 13 at 20, Judgment of June 9, 2010, and the underlying state court proceedings had ended before Plaintiff instituted the present federal lawsuit in this court.[1]

Third, Plaintiff's claims are "inextricably intertwined" with the state court's decision. Indeed, the state court judgments form the basis of and are intertwined with the injuries Plaintiff claims in the instant complaint: the loss of custody over her children. While Plaintiff frames her complaint in terms of alleged constitutional deprivations by attacking the veracity of the procedure used in the state court proceedings and the legal assistance she received from her attorneys, Plaintiff essentially challenges the basis of the Autauga County Circuit Court's decision removing her children from her custody. Because Plaintiff's complaint centers around the state court's order granting custody to her ex-husband, it is clear that Plaintiff's federal claims would either (1) "effectively nullify" the state court judgment, or (2) succeed "only to the extent that the state court wrongly decided the issues," *see Goodman*, 259 F.3d at 1332; *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam), and, thus, this court is barred from exercising jurisdiction under *Rooker-*

---

[1] Plaintiff filed suit in this court on December 23, 2011.

*Feldman*.[2]  *See, e.g., Staley v. Ledbetter*, 837 F.2d 1016, 1017-18 (11th Cir. 1988) (finding that the plaintiff "in essence sought to reverse a state court's child custody determination" and holding that "no federal subject matter jurisdiction existed in this case.  In effect, Staley seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights. The federal courts are not a forum for appealing state court decisions.").

Finally, Plaintiff had a "reasonable opportunity to raise h[er] federal claim in state proceedings" to challenge the decisions terminating her parental rights as is evidenced by the fact that she did in fact file an appeal with: 1) the Alabama Court of Civil Appeals, Case No. 2091127 (*see* Doc. 13 at 25) (affirming lower court judgment, April 15, 2011); 2) the Alabama Supreme Court, Case No. 1101004, (*see* Doc. 13 at 24) (writ denied (per curiam) on June 30, 2011); and 3) writ of certiorari from the United states Supreme Court  (*see* Doc. 13 at 31 dated October 6, 2011).

Because the *Rooker-Feldman* jurisdictional bar applies in this case, the court finds that Plaintiff's cause of action is due to be dismissed.

---

[2]  It does not matter that Plaintiff's instant action alleges civil rights or constitutional violations.  "United States district courts 'do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'"  *Rolleston*, 848 F.2d at 165 (quoting *Feldman*, 460 U.S. at 486).  *See also  Dupree v. City of Phenix City*, 2011 WL 6778799, at *4 (M.D. Ala. Oct. 20, 2011) ("A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges of state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (citing *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995))).

**III.    CONCLUSION**

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that this case be DISMISSED for lack of subject matter jurisdiction.

It is further

ORDERED that on or before **September 27, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 14th day of September, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE