IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
TERRI L. BLATZ, etc.,          )
                               )
     Plaintiff,                )
                               )        CIVIL ACTION NO.
     v.                        )         2:11cv1105-MHT
                               )            (WO)
CHRISTOPHER FRANCEN BLATZ,     )
et al.,                        )
                               )
     Defendants.               )
```

### OPINION

Plaintiff filed this lawsuit asserting claims arising out of a divorce proceeding and a custody dispute. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed without prejudice. Also before the court are plaintiff's objections to the recommendation. After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendation adopted.

To be sure, the plaintiff's complaint is most challenging: it is rambling and often incomprehensible. Nevertheless, the court agrees with the magistrate judge

that the four requirements for the <u>Rooker-Feldman</u> doctrine
apply, <u>see</u> <u>Sophocleus v. Alabama Dept. of Transp.</u>, 605
F. Supp.2d 1209, 1217 (M.D. Ala. 2009) (Thompson, J.) ("In
short, the alpha and omega for the doctrine is that the
case must be '[(1)] brought by state-court losers [(2)]
complaining of injuries caused by state-court judgments
[(3) rendered before the district court proceedings
commenced and [(4)] inviting district court review and
rejection of those judgments.'") (quoting <u>Exxon Mobile</u>
<u>Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284
(2005)).  The court also

believes that res judicata applies here. <u>Sophocleus</u>, 605
F. Supp. 2d at 1218.  Finally, there are a number of other
barriers to plaintiff's claims: for example, the defendant
judges and state entities are entitled to immunity, and
the private defendants' alleged conduct does not
constitute 'state action.'

    An appropriate judgment will be entered.

    DONE, this the 12th day of October, 2012.


       /s/ Myron H. Thompson

UNITED STATES DISTRICT JUDGE